# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DIXIE, | ) 1:14-cv-01255-BAM (PC) |
| Plaintiff, | ) ORDER DISMISSING ACTION FOR |
| v. | ) FAILURE TO STATE A CLAIM |
| R. CASTRO, et al., | ) |
| Defendants. | ) |

### I. Screening Requirement and Standard

Plaintiff Earl Dixie ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 4.) Plaintiff's complaint, filed on August 11, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the California Medical Facility in Vacaville, California. The events in the complaint are alleged to have occurred at Coalinga State Prison. Plaintiff names the following defendants: (1) Correctional Officer R. Castro; (2) Correctional Sergeant Valdez; and (3) Correctional Lieutenant S. Rousseau. Plaintiff sues defendants in their individual and official capacities.

Plaintiff alleges that he is morbidly obese and suffers from diabetes. On November 16, 2011, at about 7:30 a.m., Defendant Castro ordered Plaintiff to the lower "A" section shower. Plaintiff informed Defendant Castro that he required a medically authorized walking cane, leg brace and compression socks. Defendant Castro denied Plaintiff's request for his authorized medical appliances.

Plaintiff handed Defendant Castro a copy of a comprehensive accommodation chrono, CDC 7410. After reading the CDC 7410, Defendant Castro handed the document back to

Plaintiff and denied Plaintiff's request to secure his cane, leg brace and compression socks. Plaintiff again informed Defendant Castro of his need for compression socks and glucose medical issued tube. Defendant Castro denied Plaintiff's request for glucose tube and compression socks.

Defendant Castro and the shift sergeant forced Plaintiff to stand in the lower "A" section shower without access to a toilet facility for a period exceeding 4-5 hours. Two hours after being placed in the lower "A" section shower, Plaintiff informed the shift sergeant that he could not withhold his bowels and needed to use the toilet. Plaintiff's request was denied. Plaintiff could not restrain himself and discharged feces into his undershorts. Defendant Castro denied Plaintiff access to a towel and soap to clean the bowel discharge off of his body and clothing. Defendant Castro forced Plaintiff to remain with discharged feces in his shorts and running down his legs for a period exceeding 5 hours. Plaintiff contends that he suffered severe leg and back pain for more than 2 days because of the events. Plaintiff also contends that he concealed verbal abuse that Defendant Castro directed to him.

Plaintiff asserts claims for discrimination, violation of the Americans with Disabilities Act and violation of his Eighth Amendment rights to be free from cruel and unusual punishment and deliberate indifference.

**III.     Discussion**

**A. Supervisory Liability**

Plaintiff appears to bring suit against Defendants Valdez and Rousseau based on their roles as supervisors. However, supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d

3

1  at 915–16. "Under the latter theory, supervisory liability exists even without overt personal
2  participation in the offensive act if supervisory officials implement a policy so deficient that the
3  policy itself is a repudiation of constitutional rights and is the moving force of a constitutional
4  violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989))
5  (internal quotation marks omitted).

6  Plaintiff has not alleged that Defendants Valdez and Rousseau were involved in the
7  offensive acts or they initiated a deficient policy.  Given the nature of his claims, it does not
8  appear that Plaintiff can cure this deficiency by amendment.

9  **B.  Eighth Amendment - Cruel and Unusual Punishment**

10  The Eighth Amendment's prohibition against cruel and unusual punishment protects
11  prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041,
12  1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided
13  adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis,
14  217 F.3d 726, 731 (9th Cir.2000) (citations omitted).

15  In order to establish a violation of this duty, a prisoner must show that he was subjected
16  to an objectively serious deprivation that amounts to a denial of "the minimal civilized measure
17  of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811
18  (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)).
19  A prisoner must also show that prison officials acted with sufficiently culpable states of mind in
20  failing to satisfy their duties. Farmer, 511 U.S. at 834. Prison officials must have acted with
21  deliberate indifference. Id. A prison official is liable under the Eighth Amendment only if he
22  "knows of and disregards an excessive risk to inmate health or safety; the official must both be
23  aware of facts from which the inference could be drawn that a substantial risk of serious harm
24  exists, and he must also draw the inference." Id. at 837.

25  Plaintiff alleges that he was denied a toilet for 4-5 hours and he was forced to remain
26  with discharged feces in his shorts and running down his legs for a period exceeding 5 hours.
27  Plaintiff has alleged harsh conditions, but not a sufficiently serious deprivation to state an Eighth
28  Amendment claim. See Hartsfield v. Vidor, 199 F.3d 305, 309-10 (6th Cir. 1999) (finding no

constitutional violation where prisoner was not allowed to use toilet, was forced to sit in his own urine and was not provided with fresh drinking water for two 8-hour periods; noting court had previously held that deprivations of fresh water and access to a toilet for 20 hours was harsh, but not cruel and unusual punishment); see also Saenz v. Reeves, 2012 WL 4049975, * 14-15 (E.D. Cal. Sept. 13, 2012) (denial of toilet access for five and one half hours on one occasion and four and one half hours on separate occasion not sufficiently serious deprivation); Cf. Johnson v. Lewis, 217 F.3d 726, 733 (9th Cir.2000) ("[W]e have no doubt that toilets can be unavailable for some period time without violating the Eighth Amendment ....")  Further, Plaintiff has not alleged any resultant harm from the inability to use the toilet or clean himself for a period of time.  Plaintiff's allegations of harm relate to his standing without the benefit of his medical appliances.  These deficiencies cannot be cured by amendment.

### C. Eighth Amendment - Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006 ) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

Plaintiff alleges a one-time occurrence in which Defendant Castro denied him a medically authorized walking cane, leg brace, compression socks and glucose tube, forced him to

stand for approximately 7 to 10 hours and prevented him from cleaning himself of feces for approximately 5 hours.  Plaintiff has alleged an isolated occurrence of neglect, which does not constitute deliberate indifference to serious medical needs. See Jett, 439 F.3d at 1096; see also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect."). Indeed, "[i]f the harm is an isolated exception to the defendant's overall treatment of the prisoner it ordinarily militates against a finding of deliberate indifference." Jett, 439 F.3d at 1096.  This deficiency cannot be cured by amendment.

### D. Americans with Disabilities Act

Plaintiff appears to allege discrimination in violation of the Americans with Disabilities Act ("ADA") resulting from the one-time denial of his medically-authorized walking cane, leg brace, and compression socks.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  Title II applies to the services, programs, and activities provided for inmates by jails and prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); Simmons, 609 F.3d at 1021-22; Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff's complaint fails to support a claim that he was excluded from or discriminated against with regard to services, programs, or activities at Corcoran State Prison by reason of his disability.  To the contrary, the events underlying this action relate to the inadequate treatment of Plaintiff's medical condition and the handling of Plaintiff's medical care as it relates to his

hygiene, obesity and diabetes, which do not provide a basis upon which to impose liability under the ADA.  Simmons, 609 F.3d at 1022 (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)).  This defect cannot be cured by amendment.

### E.  Verbal Harassment

To the extent Plaintiff alleges that Defendant Castro made threatening statements, such allegations are not sufficient to state a cognizable section 1983 claim. Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### IV.   Conclusion and Order

For the above reasons, Plaintiff's complaint fails state a claim upon which relief may be granted.  The above deficiencies cannot be cured by amendment and further leave to amend is not warranted.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **February 7, 2015**              /s/ *Barbara A. McAuliffe*            _
                                          UNITED STATES MAGISTRATE JUDGE